Opinion issued July 28, 2005
 













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00006-CV
 __________
 
GASPER LOUIS GEACCONE, Appellant
 
V.
 
TRACY LYN GEACCONE, Appellee
 

 
 
On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2001-41869
 

 
 
MEMORANDUM OPINION
          Gasper Louis Geaccone (a.k.a. “Gary”), appellant, contests the divorce decree
entered favoring Tracy Lyn Geaccone. In five points of error, Gary argues that the
trial court erred (1) in its valuation of his dental practice, (2) in its reliance on a false
assumption when valuing his dental practice, (3) in rendering a division of the
community property that was not just and right, (4) in setting his child support
obligation “significantly” over the guidelines, and (5) in setting such child support
despite Tracy’s failure to meet her burden. We affirm.
Background
          Tracy and Gary Geaccone were married on April 11, 1992 and divorced on
February 5, 2003. At the time of their divorce, they had a seven-year-old son and a
six-year-old daughter. The largest community asset at the time of their divorce was
Gary’s dental practice located in League City and Bellaire. Gary owned the building
that housed the League City practice, but he rented the Bellaire facility.
          At trial, both parties presented experts that gave their respective opinions as to
the value of Gary’s dental practice. One valued the practice as low as $19,000 while
the other valued the practice as high as $433,000. The trial court ultimately
concluded that Gary’s dental practice had a net value of $377,740.


 Gary was
awarded the dental practice, and the trial court awarded Tracy $117,533, partially
based on the valuation of the dental practice. The division of the community property
amounted to approximately an even 50/50 division. 
          The Geaccones shared custody of their children with Tracy being the joint
managing conservator with primary custody and control. The trial court determined
that Gary had monthly net resources of $10,426, Tracy had monthly net resources of
$6,047, and the monthly needs of the couple’s two children amounted to $6,684. The
trial court ordered Gary to pay $2,500 a month in child support. 
Division of Community Property
          In points of error one and two, Gary contends that (1) the evidence is legally
and factually insufficient to support the trial court’s valuation of his dental practice
and (2) the trial court erred in its reliance on a false assumption when valuing his
dental practice. In point of error three, Gary further argues that the trial court erred
in rendering a division of the community property that was not just and right.
Standard of Review
          The standard of review for property division issues in family law cases is abuse
of discretion. See Schlueter v. Schlueter, 975 S.W.2d 584, 586 (Tex. 1998); Wilson
v. Wilson, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet denied). 
A trial court has broad discretion in dividing the “estate of the parties,” but must
confine itself to community property. Eggemeyer v. Eggemeyer, 554 S.W.2d 137,
139 (Tex. 1977). If a court of appeals finds reversible error that materially affects the
trial court’s “just and right” division of property, then it must remand the entire
community estate for a new division of the property. Jacobs v. Jacobs, 687 S.W.2d
731, 733 (Tex. 1985) (remanding to trial court for new division of community estate
when court of appeals found portion of division lacked evidentiary support). If the
division of marital property lacks sufficient evidence in the record to support it, then
the trial court’s division is an abuse of discretion. See Mai v. Mai, 853 S.W.2d 615,
618 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding that legal and factual
sufficiency are relevant factors in assessing whether trial court abused its discretion).
          When an appellant challenges the legal sufficiency of the evidence to support
a finding on which it did not have the burden of proof at trial, the appellant must
demonstrate on appeal that no evidence exists to support the adverse finding.
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). When reviewing a no-evidence point, the appellate court must view the evidence in a light that tends to
support the finding of the disputed fact and disregard all evidence and inferences to
the contrary. Lenz v. Lenz, 79 S.W.3d 10, 13 (Tex. 2002). “More than a scintilla” of
evidence exists to support a jury finding and a no-evidence point of error will be
denied when evidence supporting the finding, as a whole, rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions. Merrell Dow
Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
          In reviewing a verdict to determine the factual sufficiency of the evidence, we
must consider and weigh all evidence and set aside the verdict only if the finding is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). The fact finder is the sole
judge of the credibility of the witnesses and the weight to be given to their testimony.
Transmission Exch. Inc. v. Long, 821 S.W.2d 265, 271 (Tex. App.—Houston [1st
Dist.] 1991, writ denied). We may not substitute our opinion for that of the trier of
fact. Id.
Valuation of Dental Practice
          In point of error one, Gary contends that the trial court erred in its valuation of
his dental practice when there was no evidence or insufficient evidence to support the
trial court’s valuation of the practice. 
          The trial court made a finding that the dental practice had a net value of
$377,740, not including the real estate owned by the League City dental office. The
trial court further valued the League City office building at $53,260. 
          Jeffrey Jones, president of Certified Appraisers, Inc., submitted a report
indicating that the dental practice had an appraised market value of $433,000. Jones
testified that his “values all excluded the issue of personal goodwill.” 
          Gary asked James Michael Hill, who has valued “probably a hundred”
professional practices for divorces, to review Jones’s appraisal. Hill did not make an
independent appraisal. Hill valued the dental practice between $47,000 and $19,000,
depending on the accounts receivable. Hill testified that he disagreed with Jones’s
conclusion because “it includes a substantial amount of goodwill, which in my
understanding is not divisible [in] Texas.” 
          Jones’s report was admitted without objection, and Gary never requested that
the trial court make amended or additional findings regarding its method of valuation,
whether the valuation of the dental practice included a nonpiracy agreement, or what
the value of such would be. Further, if goodwill was considered, there was no
attempt to separate or differentiate personal goodwill from what would be
professional goodwill. Without such findings, we cannot determine if there was
error, because, without such, the trial court’s determination of value cannot be
disputed and cannot yield a reversal. See Cherokee Water Co. v. Gregg County
Appraisal Dist., 801 S.W.2d 872, 876 (Tex. 1990); Finch v. Finch, 825 S.W.2d 218,
224 (Tex. App.—Houston [1st Dist] 1992, no writ). As an intermediate court of
appeals, we are not to become fact finders. Long, 821 S.W.2d at 271. 
          Here, Jones testified that his values all excluded the issue of personal goodwill
and his report supports the trial court’s finding that Gary’s dental practice had a net
value of $377,740. Accordingly, we hold that the trial court did not abuse its
discretion in its valuation of the dental practice. 
          We overrule point of error one.
False Assumption
          In point of error two, Gary argues that the trial court erred in valuing his dental
practice based on the false assumption that he would enter into a covenant not to
compete when he sells the practice. Gary argues that, by doing so, the trial court’s
valuation included a substantial monetary value for “goodwill.” 
          Again, Jones’s report was admitted without objection, and Gary never
requested that the trial court make amended or additional findings regarding its
method of valuation or the inclusion or exclusion of goodwill. Without such
findings, we cannot determine if there was error, because, without such, the trial
court’s determination of value cannot be disputed and cannot yield a reversal. See
Finch, 825 S.W.2d at 224. Further, Gary made no effort, at trial, to establish that any
goodwill considered was professional goodwill that is not divisible.


 See id. (holding
that professional goodwill attaches to the professional as a result of confidence in the
person’s skill and ability and is not divisible upon divorce).
We overrule point of error two.
Just and Right
          In point of error three, Gary argues that, by utilizing an erroneous value of his
dental practice coupled with the trial court’s award of a $117,533 monetary judgment
against him, the division of the community estate was not just and right. 
          Gary acknowledges in his appellate brief that, given the valuation that the trial
court placed on his dental practice, “the partition of the marital estate works out to a
50% share for each spouse.” Having held that the evidence supports the trial court’s
valuation of Gary’s dental practice, we further hold that the division of the
community estate was just and right. 
          We overrule point of error three.
Child Support
          In points of error four and five, Gary contends that (1) the evidence is legally
and factually insufficient to justify a child support obligation that is “significantly
over guidelines” and (2) the trial court erred in setting the amount over guidelines
when Tracy failed to meet her burden of proof to show that she was entitled to the
additional amount. 
Standard of Review
          A trial court’s child support order will not be disturbed unless a clear abuse of
discretion is shown on appeal. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990). The test for abuse of discretion is to determine if the court acted without
reference to any guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Under an abuse of discretion standard,
legal and factual sufficiency of the evidence are not independent grounds of error, but
are relevant considerations in evaluating whether there was an abuse of discretion. 
In the Interest of Pecht, 874 S.W.2d 797, 800 (Tex. App.—Texarkana 1994, no writ). 
 The appellate court cannot simply substitute its judgment for that of the trial court. 
Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978).Analysis
          A child support obligor with net resources of more than $6,000 per month must
first pay the presumptive amount. Tex. Fam. Code Ann. §§ 154.125-.126 (Vernon
2002). That presumptive amount is 25 percent for two children or $1,500. Tex.
Fam. Code Ann. § 154.125 (Vernon 2002). After the presumptive amount is
subtracted from the proven needs, which in this case totaled $6,684, the court may
order any additional amounts as appropriate. See Tex. Fam. Code Ann. § 154.126
(Vernon 2002). In no event may the obligor be required to pay more than 100 percent
of the proven needs. Id. The courts are to use “the best interest of the child”
principle in determining needs. Rodriguez v. Rodriguez, 860 S.W.2d 414, 418, n.3
(Tex. 1993). The trial court ordered Gary to pay an additional $1,000 from the
$5,184 of the children’s remaining needs. 
          Gary disputes that Tracy’s listed expenses represent the children’s needs as
opposed to the desire to maintain their current lifestyle. Specifically, Gary
acknowledges that the expenses for a nanny, a private school, and the maintenance
of Tracy’s luxury car are part of the children’s current lifestyle, but he argues that
they are not necessities. 
          Tracy testified that the monthly tuition for the two children to attend
Annunciation Orthodox School is $1,933. She explained that their son needs “special
help” with “reading problems,” and the private school is attending to his needs. 
Further, the school has a “group program” for children who are going through
divorce. She testified that it would be detrimental to the children to remove them
from their school. 
           Dr. Carol Ann Brady, the children’s psychologist, testified that the children feel
“safe and good and comfortable” at the private school. She explained that “they have
smaller class size, but their biggest plus for the kids is that the children really have
an attachment there and they really feel comfortable there. And if youngsters are
being stressed in other areas, it’s important to maintain whatever plateau of stability
you can.” Dr. Brady testified that it would be detrimental to the children to be
removed from their private school. 
          Gary also questions the necessity of the nanny. Tracy pays her nanny $1,517
a month, and she described the responsibilities of the nanny as follows:
Well, she picks the kids up from school; she takes them to all their
extracurricular activities: They’ll have baseball practice, baseball
games, soccer practice, during the different seasons – my daughter’s had
gymnastics before. She makes sure that they get their homework done. 
She’ll help with dinner or she’ll stay if I have to work late. She does
house cleaning. She helps me with some of the cooking if I can’t get
home in time. She’s really just a lifesaver when it comes to the kids.
 
Tracy testified that she works for Enron, and her hours are inconsistent. She testified
that, if she did not have the nanny, it would cost $1,369 ($148 less than the nanny)
if she had to hire different people to do these tasks. 
          Finally, Gary contests Tracy’s contention that the portion of Tracy’s monthly
$755 car payment on her $42,000 Lexus SUV is attributable to the children at $255
per month. In fact, Tracy testified that the lease on the Lexus was higher than the
value of the automobile. She “assumed a liability” by taking the car, and she testified
that she was going to look for a less expensive automobile. 
          Gary, who was determined to have monthly net resources of $10,426, was
ordered to pay $2,500 of the proven needs which total $6,684 per month. Tracy, who
was determined to have monthly net resources of $6,047, was ordered to provide the
remainder of child support “as her circumstances permit.” We hold that the trial court
did not abuse its discretion when it required Gary to pay $2,500 a month in child
support.
          We overrule points of error four and five.
Conclusion
          We affirm the divorce decree.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.