**Jude ULOGO, Appellant,**

v.

**Benita VILLANUEVA, Appellee.**

**No. 01–03–00661–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 2005.

Robert A. McAllister, Houston, TX, for Appellant.

Michael W. Cooper, Lueders & Boanerges, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION ON MOTION
## FOR REHEARING

ELSA ALCALA, Justice.

Appellant, Jude Ulogo, has filed a motion for rehearing of our opinion of January 6, 2005, and appellee, Benita Villanueva, has filed a response. We grant rehearing and withdraw our opinion of January 6, 2005 and issue this opinion and accompanying judgment in their place.

Appellant sued Villanueva for personal injuries resulting from a car collision. Villanueva filed a counter claim against Ulogo claiming injuries and damages resulting from Ulogo's negligence. A jury found both parties negligent, apportioned liability 65% against Ulogo and 35% against Villanueva, and found that Villanueva had incurred $3,446.25 in damages. Ulogo appeals from the judgment awarding Villanueva $2,240.06 in actual damages, $317.36 in pre-judgment interest, and $2,082.16 in costs. In five issues, Ulogo contends that the trial court erred (1) by denying his motion for continuance, (2) by overruling his motion in limine, (3) by allowing Villanueva's attorney to refer to the nationality of Ulogo and his key witness, and (4) by excluding a police officer's testimony regarding his opinions about how the

car accident occurred and who was at fault. He also argues that the jury verdict was against the great weight and preponderance of the evidence. We affirm.

## Background

At approximately 4:15 p.m. on March 2, 2001, in southwest Houston, Ulogo's car collided with Villanueva's car on Beechnut Street. Villanueva testified that she drove on Commerce Street until the road ended at Beechnut Street. Villanueva decided to turn left, which is west, onto Beechnut Street. Beechnut is a street that runs in an east-west direction, and has three lanes in each direction; a median divides the eastbound lanes from the westbound lanes. Villanueva drove across the three eastbound lanes and stopped at the median that divides the eastbound lanes from the westbound lanes. A portion of the rear end of her car, however, protruded onto the eastbound lane that was closest to the median. Ulogo then struck the rear end of Villanueva's car with the front of his car. Her car was pushed into the westbound traffic, where it struck another car, whose owner is not a party to this lawsuit.

Ulogo testified that, as he drove on the eastbound lane of Beechnut Street that was farthest from the median, a car quickly entered onto Beechnut Street from Commerce Street in front of him, causing his car to collide with the rear end of Villanueva's car.

At trial, the jury heard testimony from both Ulogo and Villanueva. Additionally, Officer Wright, a Houston Police Officer, testified that he investigated the traffic accident and spoke to both Ulogo and Villanueva on the afternoon of the accident. Ulogo also presented the testimony of Alex Edike, who said that he saw Villanueva run the stop sign on Commerce Street, causing the collision with Ulogo on Beechnut Street.

## Factual Sufficiency

In his fifth issue, Ulogo contends that the jury verdict in favor of Villanueva, finding Ulogo 65% liable and Villanueva 35% liable, is against the great weight and preponderance of the evidence.

■■■ If a party challenges a jury finding regarding an issue upon which that party had the burden of proof, the moving party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001). The court of appeals must consider and weigh all of the evidence and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* It is the jury's province to reconcile conflicting or contradictory evidence of the witnesses. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Transmission Exch. Inc. v. Long,* 821 S.W.2d 265, 271 (Tex.App.-Houston [1st Dist.] 1991, writ denied). We may not substitute our opinion for that of the trier of fact. *Id.*

■■■ Ulogo contends that the evidence is factually insufficient because Edike's testimony established that Villanueva did not stop at her stop sign on Commerce Street and because the officer testified that Ulogo told him he was in the eastbound lane of Beechnut Street that was farthest from the median.

The jury heard two different versions of the event. Villanueva contended that she stopped at the stop sign at Commerce Street, drove into the median, and stopped there to turn left onto to the westbound lanes of Beechnut Street, when Ulogo's car struck her car. Ulogo's and Edike's testimony shows that Villanueva ran the stop sign at Commerce Street and was struck by Ulogo.

Villanueva's and Ulogo's disagreements concerning the versions of the event centered on whether Ulogo was in the eastbound lane on Beechnut Street that was nearest to the median, as Villanueva contended, or that he was in the lane that was nearest to Commerce Street, and farthest from the median, as Ulogo and Edike contended. Although the police officer testified that Ulogo told him he was in the lane that was farthest from the median, Ulogo admitted making inconsistent statements on this issue in a tape-recorded statement he made after the accident, by stating that he was in the lane nearest the median. Additionally, the police officer's testimony shows that Villanueva consistently told him that she was stopped at the median when she was struck.

Although Ulogo and Edike purported to be strangers, the record shows that they lived in the same apartment complex and were both from Nigeria. Additionally, although he claimed to be at the scene of the accident, Edike did not give a statement to the police officer.

■■■ Ulogo's factual sufficiency complaint asks us to substitute our opinion for that of the trier of fact by finding his witnesses' testimony more credible than Villanueva's testimony. As an appellate court, we must defer credibility assessments to the jury when the issues concern the weight to be given to testimony. *See Transmission Exch. Inc.,* 821 S.W.2d at 271; *Herbert,* 754 S.W.2d at 144. The jury is free to believe or disbelieve a witness's testimony in whole or in part. *Miller v. Kendall,* 804 S.W.2d 933, 939 (Tex.App.-Houston [1st Dist.] 1990, no writ). We hold that the evidence supporting the jury finding, that Ulogo was 65% liable and that Villanueva was 35% liable, was not so

against the great weight and preponderance of the evidence so as to be clearly wrong or unjust. We hold the evidence is factually sufficient to support the judgment.

We overrule Ulogo's fifth issue.

## Motion for Continuance

In his first issue, Ulogo contends the trial court erred by denying his motion for continuance, which, he contends, alleged that he needed additional time to file a "Motion to Consolidate" other lawsuits allegedly involving the same facts and parties.

On March 7, Ulogo filed an "Agreed Motion for Continuance" in which he asserted his intention to file a motion to consolidate other cases involving the same facts and parties and alleged that "both attorneys of record have signed this agreed motion for continuance." The record, however, shows that the motion did not contain the opposing counsel's signature. The trial court did not rule on this motion.

Three days later, on March 10, Ulogo filed a "Supplemental Motion for Continuance" in which he asserted that the "Agreed Motion for Continuance" was not signed because opposing counsel refused to sign the agreement after having agreed to the continuance orally. The trial court denied Ulogo's "Supplemental Motion for Continuance."

█ No agreement between the attorneys or parties to a suit is enforceable unless it is in writing, signed, and filed with the papers as part of the record, or unless it is made in open court and entered of record. *See* TEX.R. CIV. P. 11. Ulogo asserts that, although no writing documents their agreement, he had an oral agreement with opposing counsel. *Id.* For an oral agreement to be sufficient, however-

er, it must be "made in open court and entered of record." *See id; Ebner v. First State Bank of Smithville,* 27 S.W.3d 287, 295 (Tex.App.-Austin 2000, pet. denied). Because no writing documents an agreement between the attorneys or parties, rule 11 renders the purportedly Agreed Motion for Continuance unenforceable. *See* TEX.R. CIV. P. 11.

█ To the extent that Ulogo complains of the denial of a continuance in order to file a motion to consolidate, we hold that he has failed to show that the trial court abused its discretion by failing to grant a motion for continuance on that basis. *See* TEX.R. CIV. P. 174; *South West Prop. Trust, Inc. v. Dallas County Flood Control Dist.,* 136 S.W.3d 1, 12 (Tex.App.-Dallas 2001, no pet. h.) (trial court has broad discretion to consolidate cases with common issues of law or fact). The record before us does not show that a motion to consolidate was filed or that it would have been an abuse of discretion for the trial court to deny any motion to consolidate if one had been filed. *See id.*

We overrule Ulogo's first issue.

## Motion in Limine

In his second issue, Ulogo contends that the trial court erred by overruling his motion in limine. Ulogo's motion in limine asked the trial court to exclude from evidence testimony that the doctor who treated him had been convicted of crimes relating to falsifying the treatment of patients. Ulogo contends on appeal that, by denying his motion in limine, the trial court effectively excluded his medical evidence from the trial.

█ A trial court's ruling on a motion in limine is not a final ruling on the evidence and preserves no error for appellate review. *See Acord v. Gen. Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984). A

motion in limine merely precludes reference to the subject of the motion without a party's first obtaining a ruling on the admissibility of those matters outside the presence of the jury. *Owens–Corning Fiberglas Corp. v. Malone,* 916 S.W.2d 551, 557 (Tex.App.-Houston [1st Dist.] 1996), *aff'd,* 972 S.W.2d 35 (Tex.1998). Therefore, to complain on appeal that the trial court erroneously excluded evidence, Ulogo must have offered the evidence during trial and obtained an adverse ruling from the trial court. *See Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.,* 715 S.W.2d 658, 662–63 (Tex.App.-Dallas 1986, writ ref'd n.r.e.).

At trial, after the trial court refused to grant the motion in limine concerning the doctor's criminal history, Ulogo's attorney did not offer any medical evidence from the doctor. Because Ulogo's attorney failed to obtain any evidentiary ruling from the trial court concerning the use of the doctor's criminal history at trial, Ulogo did not obtain a final adverse ruling from the trial court and preserved no error on this issue. *See id.* We hold that Ulogo's motion in limine was not a final ruling sufficient to preserve error. *See Acord,* 669 S.W.2d at 116.

We overrule Ulogo's second issue.

### Evidence of Witness's Nationality

In his third issue, Ulogo contends that the trial court erred by allowing testimony that Ulogo and Edike are from Nigeria because of allegedly negative character associations with the country. Ulogo asserts that the trial court granted his motion in limine to exclude this evidence.

■ The trial court granted Ulogo's motion in limine to exclude "[a]ny testimony or evidence of Plaintiff's (Ulogo) ethnic heritage unless [Villanueva] demonstrates the relevance of such outside the presence of the jury." At trial, Ulogo's attorney

asked Ulogo where he obtained his bachelor's degree, and Ulogo responded, "in Nigeria." Ulogo's attorney thus introduced evidence that Ulogo was from Nigeria before any mention of that issue was made by Villanueva's attorney. The record also shows that when Villanueva's attorney asked Ulogo about his nationality, Ulogo's attorney did not object. Similarly, when Villanueva's attorney asked Edike about his nationality, Ulogo's attorney did not object.

We conclude that Ulogo has waived any right to complain of any error concerning evidence of Ulogo's or Edike's nationality. Also, the motion in limine was insufficient to preserve error concerning Edike's nationality. *See id.* (holding that motion in limine does not preserve error). We hold that, because Ulogo's attorney did not object to the evidence concerning either Ulogo's or Edike's nationality at trial, Ulogo has failed to preserve this issue for appeal. *Collins v. Collins,* 904 S.W.2d 792, 798 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (en banc) (holding that if evidence is offered at trial, party who wants to exclude it must object when it is offered); Tex.R.App. P. 33.1(a).

We overrule Ulogo's third issue.

### Exclusion of Police Officer's Testimony

In his fourth issue, Ulogo contends that the trial court erred by excluding the police officer's accident report and testimony offered by Officer Wright as an accident reconstruction expert concerning who was at fault in the accident. Ulogo has failed to preserve this issue for appeal.

■ To preserve error in the exclusion of evidence, a party must (1) attempt during the evidentiary portion of the trial to introduce the evidence; (2) if an objection is lodged, specify the purpose for which

[the evidence] is offered and give the trial court reasons why the evidence is admissible; (3) obtain a ruling from the court; and (4) if the court rules the evidence inadmissible, make a record, through a bill of exceptions, of the precise evidence the party desires admitted. *Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 411 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *see* Tex.R.App. P. 33.1(a).

■■■ During direct examination at trial, the officer testified that he had received training concerning the completion of accident reports and accident investigations, and that he had responded to approximately 150 to 200 accidents a year for about seven-and-a-half years. When Ulogo asked the court to allow the officer to testify as an accident investigation expert, Villanueva's attorney received permission from the trial court to take the officer on voir dire. On voir dire, the officer explained that, although his accident investigation training consisted of determining how accidents occur and who is at fault, he acknowledged that he did not have any accident-reconstruction training and had never reconstructed an accident. Villanueva's attorney conceded to the trial court that the officer was an expert in gathering information and filling out accident reports, but maintained that the officer was not qualified to testify as to his opinion of what occurred in this accident. Ulogo's attorney then reattempted to establish the officer's expertise in the area of accident reconstruction by further questioning him on redirect examination and reoffering him as an accident-reconstruction expert. The trial court asked the attorneys to approach the bench, and a conversation occurred between them off the record. The record shows only that the trial court said, "Sustain the objection as to that one certain element[,]" but the record does not show who made the objection, what the objection was, or to what the words "certain element" referred.

The record thus shows no ruling by the trial court excluding the officer's testimony as an accident reconstruction expert. Additionally, Ulogo made no offer of proof concerning what testimony was allegedly excluded by the trial court. Finally, contrary to Ulogo's attorney's assertion that the police report was excluded from evidence by the trial court, the record shows that it was offered by Villanueva's attorney and admitted into evidence without objection.

We hold that, because Ulogo failed to obtain an adverse ruling from the trial court, he has failed to preserve his point of error for appeal. *See* Tex.R.App. P. 33.1(a); *see Carlile*, 138 S.W.3d at 411.

We overrule Ulogo's fourth issue.

### Conclusion

We affirm the trial court's judgment.