Affirmed and Memorandum Opinion
filed March 18, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00133-CV



cHERYL CARLSON,
Appellant

V.

TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, Appellee



On Appeal from
the 300th District Court

Brazoria County, Texas

Trial Court
Cause No. 44317



 

MEMORANDUM OPINION

In this appeal from the termination of her parental
rights, Cheryl Carlson asserts that the trial court (a) erroneously permitted
race to play a role in the trial, (b) should have instructed the jury not to
consider race in determining the best interests of the child, and (c)
improperly excluded evidence from the jury.  Because Carlson did not raise any
of these issues before the trial court, we issue this memorandum opinion and affirm.

Texas Family Code section 263.405 provides in
pertinent part as follows:

(b)     Not
later than the 15th day after the date a final order is signed by the trial
judge, a party who intends to request a new trial or appeal the order
must file with the trial court:

(1)        a request for a new
trial; or 

(2)        if
an appeal is sought, a statement of the point or points on which the party
intends to appeal. 

. . .

(i)        The
appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on which
the party intends to appeal or in a statement combined with a motion for
new trial. . . .

Tex. Fam. Code Ann. § 263.405 (Vernon 2008) (emphasis added).  

Here, Carlson filed a “Notice of Appeal, Statement of
Points to be Appealed, and Motion for New Trial,” in which she stated:

Cheryl Carlson gives notice of accelerated appeal . . . as
provided by Section 263.405, Texas Family Code.  Carlson asks for a new trial
on the basis of the following points, and gives notice of her intent to appeal
the following points:

1.      That
Cheryl Carlson knowingly placed or knowingly allowed the child to remain in
conditions or surroundings that endangered the physical or emotional well-being
of the child;

2.      That
Cheryl Carlson engaged in conduct or knowingly placed the child with persons
who engaged in conduct that endangered the physical or emotional well being of
the child;

3.      That
Cheryl Carlson failed to comply with the provisions of a court order that
specifically established the actions necessary for her to obtain return of the
child who ha[d] been in the temporary managing conservatorship of the Texas
Department of Protective & Regulatory Services for not less than nine
months as a result of the child’s removal from the parent under Chapter 262 of
the Texas Family Code for the abuse and neglect of the child; and/or

4.      That
termination of the parent-child relationship[] between Cheryl Carlson and the
child is in the best interest of the child.

On appeal, however, she asserts the following issues:


·       
Whether evidence that the mother was Caucasian and the child was
African-American should have played any role in the trial.

·       
Whether the trial court should have instructed the jury not to
consider race in determining the “best interests of the child.”

·       
Whether the trial court improperly excluded evidence from the
jury.

Because none of these issues were specifically
presented to the trial court in Carlson’s statement of points for appeal, under
the plain language of §263.405(i) of the Family Code, we may not consider
them.  Although section 263.405(i) does not prevent an appellate court from
considering certain complaints that were not included in a statement of points
on appeal,[1]
Carlson has not raised these types of issues here.  

Even if due process allowed us to consider Carlson’s
new points on appeal, those points were not preserved in the trial record.  Carlson
(a) never objected to any of the evidence regarding either Carlson’s or the
child’s race,[2]
(b) did not request that the jury charge include an instruction regarding race,[3]  and (c)
has not identified in her brief what evidence the trial court excluded and why
it was admissible,[4]
other than directing us to the trial court’s pre-trial ruling on a motion in
limine[5]
excluding a number of witnesses and evidentiary items because Carlson failed to
comply with discovery requests from the Texas Department of Family and
Protective Services (“TDFPS”).  

During oral argument, Carlson asserted that this
court should review her issues despite the lack of preservation because the
admission of testimony regarding race resulted in a facial violation of the
14th Amendment to the United States Constitution.  However, the cases cited by
Carlson in support of this position are inapplicable.  First, Carlson cites Palmore
v. Sidotti, a U.S. Supreme Court case in which the Court held that racial
biases and prejudices are not permissible considerations for the removal of a
child from the custody of its natural mother.  466 U.S. 429, 433 (1984).  But in
that case, the only reason asserted for the change in custody was race. 
Id. at 430–431.  Here, however, race was never asserted as a reason to
remove Carlson’s daughter from her custody.

Carlson additionally cited a Fifth Circuit Court of
Appeals case, McWilliams v. McWilliams.  804 F.2d 1400 (5th Cir. 1986). 
In McWilliams, a section 1983 claim brought by a mother against her
ex-husband and the trial judge who entered the custody provisions in her
divorce decree, the Fifth Circuit noted that “[t]he transcript of the testimony
[from the state divorce proceeding] is replete with racial references
manifestly intended to prejudice judge and jury.”  Id. at 1401.  The
Fifth Circuit dismissed the case on procedural grounds (preclusivity of state
court judgment), but it noted, “We cannot but observe that [trial counsel’s]
failure to urge constitutional issues in the state proceedings is
astonishing.”  Id. at 1403.  We see nothing in this opinion that
supports Carlson’s position that issues of race may be raised for the first
time on appeal when they have never been raised in the trial court.  Indeed,
the Fifth Circuit court noted, “A careful search of the record in the state
suit fails to show that counsel for Mrs. McWilliams mentioned constitutional
issues or brought any constitutional issue to the attention of the trial
judge.”  Id. at 1401–02.  

Appellant has directed us to only four pages from the
record of one day of testimony during an eight-day trial in which racial
references were made.  Carlson complains about testimony related by a TDFPS
worker.  The witness testified that at a meeting with Carlson and her daughter
“J.C.” that Carlson did not like her daughter’s braids and the “gunk” in her
hair.  Carlson asked her daughter whether she was attending a “black church” or
was being fed “fried chicken.”  She asked her daughter to describe her foster
mother (who was African-American.)  The TDFPS worker stated that she believed
that Carlson was asking these questions in a hostile and negative manner. 

However, there were other references to race in the
trial.  Carlson herself testified that she did not like the fact that J.C. was
placed with an African American foster mother and that she felt that J.C.’s
braids were painful.  According to a psychologist’s report, J.C. reported that
Carlson had very discriminatory attitudes about African Americans.  Other
documents indicated that J.C. had low self esteem.  Carlson’s son also made
negative comments to a psychologist about the fact that his sister was African
American.  Photos were introduced to demonstrate that Carlson did not take care
of J.C.’s hair well and testimony was elicited that taking care of African
American hair was different.  Rather than supporting a claim that a Caucasian
mother was an unfit mother of an African American child, this testimony was
only a small part of all of the evidence that supported TDFPS’s arguments to
terminate Carlson’s parental rights for endangering the physical and emotional
well-being of J.C.  At the time of trial, J.C. was living with Carlson’s
brother (who is also Caucasian), and he testified that he wanted to adopt J.C. 
TDFPS agreed with that adoption plan.  TDFPS had no issue with a Caucasian
family adopting an African American child, and did not argue that race was a
deciding issue. 

Under these
circumstances, we must overrule Carlson’s three issues.  We therefore affirm
the trial court’s order terminating Carlson’s parental rights.

 

 

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

 

Panel consists of Justices Anderson,
Boyce, and Christopher.









[1]
See In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009) (determining that
ineffective assistance of counsel claims need not be included in statement of
points and that section 263.405(i) is unconstitutional as applied when it
precludes a parent from raising a meritorious complaint about the sufficiency
of the evidence); In re D.W., 249 S.W.3d 625, 632 (Tex. App.—Fort Worth
2008) (holding section 463.405(i) unconstitutional to the extent that it
prevents properly preserved complaints from being reviewed by appellate
courts), pet. denied, 260 S.W.3d 462 (Tex. 2008) (per curiam) (nether
approving nor disapproving court of appeals’ holding regarding
constitutionality of section 263.405(i)).





[2]
See Tex. R. App. P.
33.1(a)(1) (requiring that, to preserve error for appeal, the record must
reflect that “the complaint was made to the trial court by a timely request,
objection or motion”).





[3]
See Tex. R. Civ. P. 278
(“Failure to submit a definition or instruction shall not be deemed a ground
for reversal of the judgment unless a substantially correct definition or
instruction has been requested in writing and tendered by the party complaining
of the judgment.”).





[4]
See, e.g., Ulogo v. Villanueva, 177 S.W.3d 496, 501 (Tex.
App.—Houston [1st Dist.] 2005, no pet.) (explaining that to preserve a
complaint on appeal regarding a trial court’s erroneous exclusion of evidence,
the complaining party must have offered the evidence during trial and obtained
an adverse ruling from the trial court); see also In re N.R.C., 94
S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing Tex. R. Evid. 103(a)(2) and noting that
“to adequately and effectively preserve error” regarding the erroneous
exclusion of evidence, a party must make an offer of proof with sufficient
specificity that a reviewing court may determine the admissibility of the
evidence). 





[5]
Generally, a ruling on a motion in limine preserves nothing for appellate
review.  Ulogo, 177 S.W.3d at 500–01; Hiroms v. Scheffey, 76
S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.).