

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00065-CV**

IN THE INTEREST OF J.W.O., A
CHILD

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

J.O. appeals from a jury verdict terminating her parental rights to her son, J.W.O.  In two points, appellant contends that the trial court erred by (1) denying her motion in limine regarding the introduction of evidence about her parental rights being terminated as to other children and (2) denying her request for a limiting instruction in the charge.[2]  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]Because appellant does not challenge the sufficiency of the evidence, a detailed explanation of the background facts is unnecessary.

**Motion in Limine**

After the Department of Family and Protective Services filed suit seeking termination, appellant's counsel filed a motion in limine asking the trial court to prohibit the parties from offering any evidence related to "any other matter outside of this cause related to the termination and or modification of [J.O.'s] parental rights in this or any other jurisdiction."[3]  Nothing in the record indicates that the trial court ruled on this motion.  Immediately before trial, appellant's counsel "reurge[d] the motion in limine."  The trial court denied the motion in limine.

During trial, the Department called J.O. as its first witness.  When asked whether her parental rights to her four other children had been terminated, J.O. said yes.  Her counsel did not object to the Department's questioning, nor did he object to further questioning as to why her rights to those children had been terminated.

A trial court's ruling on a motion in limine is not a final ruling on the evidence and preserves no error for appellate review.  *See Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984); *Ulogo v. Villanueva*, 177 S.W.3d 496, 500 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (op. on reh'g).  A motion in limine merely precludes reference to the subject of the motion without a party's first obtaining a ruling on the admissibility of those matters outside the presence of the jury.  *Ulogo*, 177 S.W.3d at 500–01; *Owens-Corning Fiberglas Corp. v.*

_____

[3] All of the prior terminations occurred in Missouri.

2

*Malone*, 916 S.W.2d 551, 557 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex. 1998). Thus, to preserve a complaint for appeal involving the subject of a motion in limine, the complaining party must also object when the evidence is offered at trial. *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 91 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Here, appellant failed to object to the Department's questions; thus, she failed to preserve her complaint about the admission of the evidence. *See* Tex. R. App. P. 33.1(a)(1); *Boulle v. Boulle*, 254 S.W.3d 701, 709 (Tex. App.—Dallas 2008, no pet.). We overrule her first point.

### Limiting Instruction

In her second point, appellant contends that the trial court reversibly erred by refusing to include an instruction in the charge prohibiting the jury from considering "any evidence of any action taken against [J.O.] in any other state."

At the conclusion of trial, upon appellant's request, the trial court directed a verdict for appellant on the alleged ground for termination that her parental rights to other children had been terminated. *See* Tex. Fam. Code Ann. § 161.001(1)(M) (Vernon Supp. 2010). While the charge was being prepared, appellant asked verbally and in writing that the jury be instructed not to consider the evidence about the prior terminations because prior termination had been removed as a ground. However, the trial court denied the requested

instruction because the jury could "consider that [evidence] . . . as to what's in the best interest of the child."

A party is entitled to a limiting instruction when evidence is admissible for one purpose but not another. Tex. R. Evid. 105(a); *see* Tex. R. Civ. P. 278 (providing that a judgment is not reversible for failure to submit an instruction unless "a substantially correct . . . instruction has been requested in writing and tendered by the party complaining of the judgment"). When a trial court refuses to submit a requested instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to reach a proper verdict. *Tex. Workers' Comp. Ins. Fund v. Mandbauer*, 34 S.W.3d 909, 912 (Tex. 2000). A proper instruction must (1) assist the jury, (2) accurately state the law, and (3) find support in the pleadings and the evidence. *Id*.; *see* Tex. R. Civ. P. 278.

Here, the evidence was admitted for all purposes because appellant failed to object to its admission. *See In re K.S.*, 76 S.W.3d 36, 40 (Tex. App.—Amarillo 2003, no pet.). But even after the directed verdict on the prior termination ground, the evidence was still relevant as to the jury's determination of J.W.O.'s best interest. *See In re C.H.*, 89 S.W.3d 17, 28, 45 (Tex. 2002) (explaining that evidence probative of acts or omissions under section 161.001(1) may also be probative of a child's best interest); *In re J.H.*, No. 02-09-00367-CV, 2010 WL 3618712, at *4 (Tex. App.—Fort Worth Sept. 16, 2010, no pet.) (listing *Holley* best interest factors, including acts or omissions of parent, parental ability, and

4

stability of home).  Accordingly, we conclude that appellant's proposed limiting instruction was not reasonably necessary to enable the jury to reach a proper verdict; therefore, the trial court did not reversibly err by denying the requested instruction.  We overrule appellant's second point.

## Conclusion

Having overruled appellant's two points, we affirm the order of termination.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  December 2, 2010