02-10-065-CV













 



 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00065-CV

 

 


 
 
 In
 the Interest of J.W.O., A Child
 
 
  
 
 
  
 
 


 

 

-----------

 

FROM THE 235th District Court OF
Cooke COUNTY

------------

MEMORANDUM OPINION[1]

          J.O. appeals from a jury verdict
terminating her parental rights to her son, J.W.O.  In two points, appellant contends that the
trial court erred by (1) denying her motion in limine regarding the
introduction of evidence about her parental rights being terminated as to other
children and (2) denying her request for a limiting instruction in the charge.[2]  We affirm.

Motion
in Limine

          After the Department of Family and Protective
Services filed suit seeking termination, appellant’s counsel filed a motion in
limine asking the trial court to prohibit the parties from offering any
evidence related to “any other matter outside of this cause related to the
termination and or modification of [J.O.’s] parental rights in this or any
other jurisdiction.”[3]  Nothing in the record indicates that the
trial court ruled on this motion. 
Immediately before trial, appellant’s counsel “reurge[d] the motion in
limine.”  The trial court denied the
motion in limine.

          During trial, the Department called
J.O. as its first witness.  When asked
whether her parental rights to her four other children had been terminated,
J.O. said yes.  Her counsel did not
object to the Department’s questioning, nor did he object to further
questioning as to why her rights to those children had been terminated.

          A
trial court’s ruling on a motion in limine is not a final ruling on the
evidence and preserves no error for appellate review.  See
Acord v. Gen. Motors Corp., 669 S.W.2d 111, 116 (Tex. 1984); Ulogo v. Villanueva, 177 S.W.3d 496, 500
(Tex. App.––Houston [1st Dist.] 2005, no pet.) (op. on
reh’g).  A motion in limine merely
precludes reference to the subject of the motion without a party’s first
obtaining a ruling on the admissibility of those matters outside the presence
of the jury.  Ulogo, 177 S.W.3d at 500–01; Owens-Corning
Fiberglas Corp. v. Malone, 916 S.W.2d 551, 557 (Tex. App.––Houston [1st
Dist.] 1996), aff’d, 972 S.W.2d 35
(Tex. 1998).  Thus, to preserve a
complaint for appeal involving the subject of a motion in limine, the
complaining party must also object when the evidence is offered at trial.  Greenberg Traurig of N.Y., P.C. v. Moody, 161 S.W.3d 56, 91 (Tex.
App.––Houston [14th Dist.] 2004, no pet.).

          Here, appellant failed to object to
the Department’s questions; thus, she failed to preserve her complaint about
the admission of the evidence.  See Tex. R. App. P. 33.1(a)(1); Boulle v. Boulle,
254 S.W.3d 701, 709 (Tex. App.––Dallas 2008, no pet.).  We overrule her first point.

Limiting
Instruction

          In her second point, appellant contends
that the trial court reversibly erred by refusing to include an instruction in
the charge prohibiting the jury from considering “any evidence of any action
taken against [J.O.] in any other state.”

          At the conclusion of trial, upon
appellant’s request, the trial court directed a verdict for appellant on the
alleged ground for termination that her parental rights to other children had
been terminated.  See Tex. Fam. Code Ann. § 161.001(1)(M) (Vernon Supp. 2010). 
While the charge was being prepared, appellant asked verbally and in
writing that the jury be instructed not to consider the evidence about the
prior terminations because prior termination had been removed as a ground.  However, the trial court denied the requested
instruction because the jury could “consider that [evidence] . . . as to what’s
in the best interest of the child.”

          A party is entitled to a limiting
instruction when evidence is admissible for one purpose but not another.  Tex. R. Evid. 105(a);
see Tex. R. Civ. P. 278 (providing
that a judgment is not reversible for failure to submit an instruction unless “a
substantially correct . . . instruction has been requested in writing and
tendered by the party complaining of the judgment”).  When a trial court refuses to submit a
requested instruction, the question on appeal is whether the request was
reasonably necessary to enable the jury to reach a proper verdict.  Tex. Workers’ Comp. Ins. Fund v. Mandbauer, 34 S.W.3d 909, 912
(Tex. 2000).  A proper instruction
must (1) assist the jury, (2) accurately state the law, and (3) find support in
the pleadings and the evidence.  Id.; see
Tex. R. Civ. P. 278.

          Here, the evidence was admitted for
all purposes because appellant failed to object to its admission.  See In
re K.S., 76 S.W.3d 36, 40 (Tex. App.––Amarillo
2003, no pet.).  But even after the
directed verdict on the prior termination ground, the evidence was still
relevant as to the jury’s determination of J.W.O.’s best interest.  See
In re C.H., 89 S.W.3d 17, 28, 45
(Tex. 2002) (explaining that evidence probative of acts or omissions under
section 161.001(1) may also be probative of a child’s best interest); In re J.H., No. 02-09-00367-CV, 2010 WL
3618712, at *4 (Tex. App.––Fort Worth Sept. 16, 2010, no pet.) (listing Holley
best interest factors, including acts or omissions of parent, parental ability,
and stability of home).  Accordingly, we
conclude that appellant’s proposed limiting instruction was not reasonably
necessary to enable the jury to reach a proper verdict; therefore, the trial
court did not reversibly err by denying the requested instruction.  We overrule appellant’s second point.

Conclusion

          Having overruled appellant’s two
points, we affirm the order of termination.

 

 

                                                                             TERRIE
LIVINGSTON

                                                                             CHIEF
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





          [2]Because
appellant does not challenge the sufficiency of the evidence, a detailed
explanation of the background facts is unnecessary.





[3] All of the prior terminations
occurred in Missouri.