**Affirmed and Memorandum Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00225-CV

---

## IVAN MORALES AND MYRA MORALES, Appellants

### V.

## COLLIN TAPLIN, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2014-02407**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from an alleged automobile accident, appellants Ivan and Myra Morales challenge the trial court's judgment that they take nothing from appellee Collin Taplin. In two issues, appellants argue that: (1) the trial court erred in excluding Taplin's deposition, in which he allegedly lied, and then admitted to lying, about an unrelated criminal conviction; and (2) the exclusion of this evidence resulted in an improper judgment because Taplin's credibility was a central issue in the case.

Because we conclude that appellants did not preserve their evidentiary complaint, we affirm.

## Background

The facts of this case need not be recounted in great detail for purposes of the issues raised in this appeal.

In August 2013, appellants allegedly were involved in a car accident with Taplin, who was driving an 18-wheel tractor trailer. Appellants sued Taplin for negligence.

The case proceeded to trial, where both appellants and Taplin testified, offering diametrically opposite accounts of the alleged occurrence. Appellants testified that Taplin rear-ended their car three times while traveling on a Houston freeway. Ivan, who was driving, switched lanes to avoid Taplin; according to appellants, Taplin "fled the scene." Appellants introduced pictures of their vehicle showing damage to the rear bumper. Appellants testified that they suffered physical injuries and incurred more than $190,000 in medical expenses as a result of the accident.

Taplin testified that he did not hit appellants' car. There was no evidence of damage to Taplin's truck.

Appellants wanted to impeach Taplin with portions of his deposition given in this case. During the deposition, appellants' attorney asked Taplin whether he had a criminal conviction on his record. Taplin answered "no." Later during the deposition, Taplin admitted he had been convicted of a felony more than twenty-five years earlier. Appellants raised the issue during a pre-trial hearing on motions in limine. Appellants told the court that Taplin's deposition was "relevant to his credibility . . . and in that deposition he lied consistently." The trial judge granted

2

Taplin's motion in limine and instructed the parties to approach the bench if Taplin committed perjury or demonstrated an inability to comprehend that he was testifying under oath. Appellants did not seek to question Taplin regarding the issue or seek to introduce the deposition testimony during the evidentiary portion of trial. After all witnesses had testified and both parties rested, appellants proffered the deposition as an offer of proof. The trial judge noted that the deposition was "proffered but not admitted" into evidence.

The jury found that Taplin did not proximately cause the occurrence in question. The trial court signed a take-nothing judgment, and appellants appeal.

## Analysis

In two issues, appellants argue that the trial court erred in excluding "the existence of untruthful prior inconsistent statements"—i.e., Taplin's deposition in which he denied, but later admitted, that he had been convicted of a felony—and that such exclusion was harmful because Taplin's credibility was central to the case. In response, Taplin argues, among other things, that appellants did not offer the relevant evidence or secure a ruling from the trial court excluding the evidence and thus did not preserve error. After reviewing the record, we agree with Taplin.

Evidentiary decisions are committed to the trial court's sound discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). To show that the trial court abused its discretion in excluding evidence, a complaining party must first establish that evidence affecting the party's substantial rights was excluded, i.e., that the party offered the evidence and obtained an adverse ruling from the trial court, thus preserving error. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a); *see also In re L.D.W.*, No. 14-11-00438-CV, 2013 WL 2247383, at *3 (Tex. App.—Houston [14th Dist.] May 21, 2013, no pet.) (mem. op.); *Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d 239, 242 (Tex. App.—Houston [14th Dist.]

1995, writ denied). The threshold question to their evidentiary complaint, then, is whether appellants preserved error by seeking to elicit the subject testimony or offering the deposition into evidence and securing an adverse ruling. Tex. R. App. P. 33.1(a).

The parties discussed the deposition during the hearing on motions in limine. The trial judge granted Taplin's motion in limine and stated that he was "not going to allow it at the trial," but told the parties that he was open to "rethink[ing] it" and to approach the bench if the deposition became relevant.

A trial court's granting of a motion in limine is a preliminary ruling that preserves nothing for appellate review. *Reule v. M&T Mortg.*, 483 S.W.3d 600, 621-22 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). A motion in limine merely precludes reference to the subject of the motion without a party's first obtaining a ruling on the admissibility of those matters outside the presence of the jury. *See Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 557 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex. 1998); *see also Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Therefore, to complain on appeal that the trial court erroneously excluded Taplin's deposition testimony or denied appellants an opportunity to impeach Taplin, appellants must have offered the evidence during the evidentiary portion of the trial and obtained an adverse ruling from the trial court. *See, e.g., Tempo Tamers, Inc. v. Crow-Houston Four, Ltd.*, 715 S.W.2d 658, 662-63 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). At trial, appellants did not attempt to offer the deposition during any witness's testimony, seek to impeach Taplin on that issue, or secure a ruling on the deposition's admissibility. Appellants did not raise the issue again until after evidence closed and the parties rested, when appellants proffered

4

the deposition as an offer of proof. However, the trial court had no opportunity to rule on the testimony's admissibility during the evidentiary portion of the trial. Appellants' stated desire to make the deposition "part of the record" amounts to an offer of proof, but an offer of proof supports error only if the proponent actually offers the evidence during trial and obtains an adverse ruling. *See Indus. III, Inc. v. Burns*, No. 14-13-00386-CV, 2014 WL 4202495, at \*12 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, pet. denied) (mem. op.). Because appellants failed to obtain any evidentiary ruling from the trial court concerning the use of Taplin's deposition at trial, they did not obtain a final adverse ruling from the trial court. *See, e.g., Ulogo v. Villanueva*, 177 S.W.3d 496, 501 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (op. on reh'g); *see also* Tex. R. App. P. 33.1(a). Accordingly, appellants' evidentiary complaint presents nothing for our review.

Without reaching the merits of their arguments, we overrule appellants' two issues on appeal.

### Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
        Justice

Panel consists of Justices Jamison, Wise, and Jewell.