**Opinion issued February 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00110-CV

———————————

## IN RE COMMITMENT OF
## ANDREW NEAL PANSKY

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 573942Z**

---

## MEMORANDUM OPINION

Appellant Andrew Neal Pansky appeals a civil commitment order under Title 11, Chapter 841, of the Texas Health and Safety Code. A jury unanimously found Pansky a sexually violent predator under the statute. He contends the trial court erred by (1) granting the State's motion in limine and (2) allowing the State's expert to

incorrectly define "behavioral abnormality." Concluding there is no reversible error, we affirm.

## Background

In December 2018, before Pansky's scheduled release from the Texas Department of Criminal Justice (TDCJ), the State of Texas petitioned to civilly commit Pansky as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE §§ 841.001–841.151 ("Civil Commitment of Sexually Violent Predators").[1]

The trial court conducted a pretrial hearing on both parties' motions in limine. The contested motions referenced Section 841.001 of the Texas Health and Safety Code. The State wanted to exclude any mention of non-required elements of the effects of the jury's answers. Specifically, the State sought to limit:

> 7. Any mention of the result or consequences of a jury's answer to the question posed in the jury charge.

> 13. Any mention or reference to the legislative findings of Chapter 841 of the Texas Health and Safety Code, and any statement that the legislative findings create an additional element that the state is required to prove.

Pansky sought to limit:

> 12. Any comment by the State's attorney that informs the jury of the effect of its answer to the question in the charge, including whether [Pansky] will be released from prison regardless of the jury's answer.

---

[1] For a discussion of the sexually violent predator statute, see *In re Commitment of Stoddard*, No. 19-0561, — S.W.3d —, 2020 WL 7413723, at *1–2 (Tex. Dec. 18, 2020).

16. Any mention of the multidisciplinary team's process for selection for civil commitment.

The trial court ruled that if Pansky quoted any part of Section 841.001, then the State could read the entire statute.

Before the trial began, outside the presence of the jury, Pansky announced his desire to discuss the statute's "legislative intent" under section 841.001 during opening statements. He recited the trial court's pretrial motion-in-limine ruling and argued that the ruling had an "effective preclusion" because it prohibited him from discussing the statute's impact on extremely dangerous sex offenders. The court clarified that the ruling did not preclude Pansky from mentioning the statute, but if Pansky talked about legislative intent, then the State could discuss the entire chapter. Pansky never mentioned the statute at trial.

The State then called Dr. Darrel Turner, forensic and clinical psychologist, to testify. Dr. Turner testified that he evaluated Pansky, determined that he suffered from a behavioral abnormality, and diagnosed him with pedophilic disorder and antisocial personality disorder. He testified that the Texas Health and Safety Code defines the "condition" of "behavioral abnormality." Dr. Turner also described Pansky as someone "who [is] likely to engage in a predatory act of sexual violence." He noted that statute did not define "likely" and provided his own understanding of the term:

I just use the kind of day-to-day definition of "likely," which would mean probable, I think, is an interchangeable term. Something that's beyond just a mere possibility.

The trial court admitted penitentiary packets with Pansky's previous convictions. The convictions included sexual assault of a child, aggravated sexual assault, sexual abuse of a child, and rape of a female under 18 years. Pansky also confessed to sexually abusing up to 50 other children, but later testified that the last time a child aroused him was "15 or 16 years ago." Pansky also testified he had "zero" risk of reoffending and was safe to mentor troubled teens and children. He claimed he could avoid arousal by changing his thought patterns, even if he were to see sexually stimulating images.

A unanimous jury found Pansky a sexually violent predator. The trial court entered judgment and issued an order of commitment based on the jury's verdict.

Pansky appealed.

## Motion in Limine

In his first issue, Pansky contends the trial court erred by granting the State's motion in limine excluding reference to findings in Section 841.001. Pansky asserts the pretrial ruling precluded him from arguing that behavioral abnormalities only apply to a small group of extremely dangerous sex offenders. The State argues that Pansky did not preserve this issue for appellate review because he did not introduce the Section 841.001 findings and obtain an adverse ruling on it during the trial.

4

## A.   Applicable law

A trial court's ruling on a motion in limine alone does not preserve error. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013). The purpose of a motion in limine is to prevent a party from referencing a "subject of the motion without a party's first obtaining a ruling on the admissibility of those matters outside the presence of the jury." *Ulogo v. Villanueva*, 177 S.W.3d 496, 500–01 (Tex. App.—Houston [1st Dist.] 2005, no pet.). To preserve error in the exclusion of evidence, a party must attempt to introduce the evidence during the evidentiary portion of the trial and obtain an adverse ruling from the court if an objection is lodged. *See id.* at 501–02; Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a). If the trial court sustains the objection, then the party must make a record, through a bill of exceptions, of the precise evidence the party desires admitted. *Id.*

## B.   Analysis

The Texas Supreme Court has held that a motion in limine alone is not a ruling on admissibility and cannot preserve error on evidentiary issues. *Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 920 n.3 (Tex. 2015) (per curiam). Instead, the motion prevents a jury from hearing prejudicial questions and statements without the trial court's prior approval. *See id.* (quoting *Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex. 1963)). To preserve error for appellate review, a party must offer the evidence during trial, the court must rule the evidence

5

inadmissible, and the party must object to the evidence's exclusion. *See Ulogo*, 177 S.W.3d at 501–02.

Pansky contends he preserved error by addressing the use of statutory language during the pretrial hearing. But raising an issue before trial is not enough to preserve error. Pansky needed to offer the evidence during trial and obtain an adverse ruling from the court if the State had objected to admissibility. *See Wackenhut*, 453 S.W.3d at 920 n.3; *Ulogo*, 177 S.W.3d at 501–02. Because Pansky did not even mention the statute during trial, he cannot claim error for the first time on appeal. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) (citing *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam)).

Because a pretrial ruling on a motion in limine is not an adverse ruling on the admissibility of evidence, the trial court did not bar Pansky from discussing the legislative findings under Section 841.001. *See Wackenhut*, 453 S.W.3d at 920 n.3. Because Pansky failed to mention the statute during trial and a pretrial motion-in-limine ruling does not preserve error, Pansky waived the issue.

We overrule Pansky's first issue.

**Definition of Behavioral Abnormality**

In his second issue, Pansky contends that the State's expert, Dr. Darrel Turner, incorrectly defined "behavioral abnormality." Pansky states Chapter 841 does not reach sex offenders who have a risk of offending "beyond just a mere possibility."

In response, the State asserts Pansky waived his complaint by failing to object to Dr. Turner's definition.

## A.    Applicable law

A sexually violent predator is "a repeat sexually violent offender" who "suffers from a behavioral abnormality" that makes him "*likely* to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE § 841.003(a) (emphasis added). The statute defines "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *See id*. § 841.002(2).

## B.    Analysis

To preserve an issue for appellate review, a complaining party must make a timely objection during trial. *See Ulogo*, 177 S.W.3d at 501–02; *see* TEX. R. APP. P. 33.1(a)(1). A complainant should object to the admissibility of expert testimony when "a challenge . . . questions the underlying methodology, technique, or foundational data used by [an expert] witness." *Coastal Transp. Co. v. Crown Cent. Petrol. Corp.*, 136 S.W.3d 227, 229 (Tex. 2004).

Pansky contends that Dr. Turner incorrectly defined behavioral abnormality when suggesting "likely" meant "beyond just a mere possibility." Yet Pansky never

7

objected to Dr. Turner's definition at trial. Instead, Pansky objected to the question, "Would it be misleading . . . to put a certain percentage on the likelihood [of reoffending]?" Because Pansky failed to object to Dr. Turner's definition, he did not preserve the issue and waived the complaint on appeal.

We overrule Pansky's second issue.

## Conclusion

We affirm the trial court's judgment.


Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Guerra.