Douglas Cary **FINCH, Appellant,**

v.

**Jackie C. FINCH, Appellee.**

**No. 01–89–01063–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 20, 1992.

J.D. Bucky Allshouse, Houston, for appellant.

Douglas A. Sandvig, Houston, for appellee.

Before DUGGAN, O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from the division of community property in a decree of divorce.

The case was tried before the judge of the 309th District Court, the Honorable John Montgomery. The decree of divorce was signed on July 3, 1989, by Judge Montgomery. On July 11, 1989, appellant filed a request for findings in the child support order and a request for findings of fact and conclusions of law. On August 3, 1989, while Judge Montgomery was on vacation, a visiting judge filed findings of fact and conclusions of law. On the same date, appellant filed his request for additional and amended findings of fact and conclusions of law. On September 13, 1989, Judge Montgomery denied appellant's motion for new trial, and adopted the findings of fact and conclusions of law filed by the visiting judge. In the order adopting the findings of fact and conclusions of law, Judge Montgomery invited the parties to submit additional requested findings of

fact and conclusions of law. Neither party requested additional findings of fact after September 13, 1989.

In his first point of error, appellant asserts that the trial court committed reversible error in refusing to make additional findings of fact as requested by appellant. Specifically, appellant contends the trial court erred in not making findings as to the value the trial court placed on: 1) the business known as Finch Alternator & Starter Company and the real property located at 4440 North Shepherd Street, Houston, Texas; 2) the bank accounts held by appellant and appellee; and 3) the other large items in the community estate.

■ A trial judge is not required to file additional findings of fact and conclusions of law requested by a party, if the request was made before the trial judge filed his or her original findings of fact and conclusions of law, and "[t]he original findings of fact and conclusions of law properly and succinctly relate the ultimate findings of fact and law necessary to apprise [the party] of adequate information for the preparation of his or her appeal." *Balderama v. Western Casualty Ins. Co.*, 794 S.W.2d 84, 89 (Tex.App.—San Antonio 1990), *reversed on other grounds*, 825 S.W.2d 432 (Tex. 1991).

This Court has set out the distinction between ultimate fact issues and evidentiary fact issues as follows:

> An ultimate fact issue is one that is essential to the right of action.... Such an issue seeks a fact that would have a direct effect upon the judgment.... In contrast, an evidentiary issue is one that the jury may consider in deciding the controlling issue, but that is not a controlling issue itself.

*Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 639 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ A trial court is not required to file findings of fact listing the value of each item of property owned by the estates of the parties to a divorce suit. *Wallace v. Wallace*, 623 S.W.2d 723, 725 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). A trial court is required to divide the property in a just and right manner. *Id.* The values of the properties are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner. *Id.* It is the responsibility of the parties to provide the trial judge with a basis upon which to make the division. *Id.* One who complains of the way the trial court divided the properties must be able to show from the evidence in the record that the division is so unjust and unfair as to constitute an abuse of discretion. *Id.*

■ Here, appellant requested additional findings of fact before Judge Montgomery adopted the original findings of fact and conclusions of law. Judge Montgomery invited both parties to submit additional findings of fact and conclusions of law after he adopted the visiting judge's findings of fact and conclusions of law. Neither party requested additional findings of fact after the original findings of fact had been adopted. We must determine whether the original findings of fact and conclusions of law relate the ultimate findings of fact and law necessary to apprise appellant of adequate information for the preparation of his appeal. *Balderama*, 794 S.W.2d at 89.

Following our decision in *Wallace*, the values of certain properties are not ultimate issues. 623 S.W.2d at 725. The ultimate issue in this case is whether the trial court made a just and right division of the community estate. *Id.* The values the trial court placed on the community estate properties are not essential to appellant's right of action. *Winograd*, 695 S.W.2d at 639. The values of the properties are evidentiary issues the trial court considers in deciding what is a just and right division of the community estate. *Wallace*, 623 S.W.2d at 725. The values of the properties are not controlling issues, but rather ones the trial court considers in deciding the controlling issue of how to make a just and right division of the community estate. Therefore, the trial court was not required to make the additional findings of fact as requested by appellant.

Appellant's first point of error is overruled.

In his fourth point of error, appellant contends the trial court abused its discretion because the trial court did not render a just and right division of the community estate.

■ Community property does not have to be divided equally. A trial court may consider many factors in exercising its discretion, and it is presumed that the trial court properly exercised its discretion. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). Some of the factors a trial court may consider in exercising its discretion are: 1) the spouses' capacities and abilities; 2) benefits that the party not at fault would have derived from the continuation of the marriage; 3) business opportunities; 4) education; 5) physical conditions of the parties; 6) the parties financial condition and obligations; 7) size of the separate estates; 8) the nature of the property; 9) the disparities in earning capacities and incomes; and 10) the fault in the breakup of the marriage. *Id.*

■ Using appellant's valuations for the community assets, we hold the trial court did not abuse its discretion in dividing the community estate. Using appellant's valuations of the community assets in his inventory, the trial court awarded appellee approximately 65% of the community assets, with appellant receiving approximately 35% of the community assets. Although this was not an equal division of the community assets, the trial court could have considered some of the factors listed in *Murff* in making a just and right division of the community estate.

The record shows that appellant had greater business opportunities with his alternator and starter business than appellee, who had virtually no business opportunities available. The record also shows that appellee testified that appellant abused appellee and appellee's daughter. Both of these factors could be considered in making an unequal division of the community estate.

The record shows that appellant had a greater earning capacity than appellee.

The only work appellee performed outside the home was keeping the books for appellant's business. After the parties separated, appellee could find a job that paid only $12,904.98 annually, while appellant had his business that earned a 1987 income of $30,229. Although the business tax returns from 1988 showed that Finch Alternator and Starter earned business income of $543.00, the trial court found that appellant was underemployed during that year. The trial court could have determined that appellant should have earned $30,229 in 1988, had he not been intentionally underemployed.

Appellant's fourth point of error is overruled.

■ In his second and third points of error, appellant contends that there was no evidence, or alternatively, insufficient evidence for the trial court to render a just and right division of the community property.

■ In reviewing a no evidence point of error, we must consider only the evidence and inferences, when viewed in their most favorable light, that tend to support a trial court's finding, and disregard all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Id.*

We find there was some evidence available for the trial court to render a just and right division of the community property. The trial court had before it a great deal of evidence to determine a just and right division, such as: 1) both party's inventories; 2) two appraisals of the business known as Finch Alternator and Starter, one by Jeffrey Jones and one by Louis Knippa; 3) the testimony of Knippa and Jones; 4) the financial statements for appellant and appellee; 5) tax returns for Finch Alternator and Starter for 1987 and 1988; 6) the appraisal district's appraised value of the property owned by Finch Alternator and Starter; and 7) Finch Alternator and Starter's income statement for the first three months of 1989.

All of this evidence constituted more than a scintilla of evidence to allow the trial court to render a just and right division of the community property.

In reaching a decision regarding a factual insufficiency point of error, an appellate court must examine all the evidence; and, after considering and weighing all the evidence, it should set aside the judgment only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that the judgment is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

The evidence listed above and the parties' testimony is all the evidence the trial court had before it to make a just and right division of the community property. Reviewing all the evidence, we hold that the evidence was not so weak that the judgment was clearly wrong and unjust. The trial court had sufficient evidence before it to render a just and right division of the community property.

Appellant's second and third points of error are overruled.

■ In his fifth point of error, appellant contends that the trial court committed reversible error in valuing the land located at 4440 North Shepherd Street one year before the date of trial.

Appellant relies on *Mata v. Mata,* 710 S.W.2d 756 (Tex.Civ.App.—Corpus Christi 1986, no writ), and *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983), to support his assertion that a trial court must consider the value of real estate at the time of the divorce in making a just and right division of the community property. Appellant's reliance is misplaced.

In *Mata,* the court held that the trial court erred in dividing money accounts as of a date three months before the date of divorce. 710 S.W.2d at 759. In *Berry,* the court held that retirement benefits should be divided as of the date of divorce, not the date of retirement. 647 S.W.2d at 946–47.

This case is distinguishable from both *Mata* and *Berry.* Here, appellant complains that *real estate* was valued one year before the date of divorce. Appellant cites

no authority for the proposition that a trial court may not consider appraisals made one year before the date of divorce in dividing real estate on the date of divorce.

■ It has been held, in a case involving condemnation of property, that "sales occurring within five years of the date of taking of the subject property may be considered comparable." *Board of Regents of the Univ. of Texas Sys. v. Puett,* 519 S.W.2d 667, 672 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Sales of land that are near in time and involve land similar in location, character, and improvements may be received into evidence to determine the value of the land in question. *Austin Nat'l Bank v. Capital Lodge No. 23, I.O.O.F. of Austin,* 558 S.W.2d 947, 950 (Tex.Civ.App.—Austin 1977, no writ). Nearness in time is a matter left to the discretion of the trial court. *Id.*

Because sales of land that occur near in time to the date the land is valued may be used to determine the value of land in question, appraisals made before the date of the divorce may be used to determine the value of the land in question. *See Puett,* 519 S.W.2d at 672; *Austin Nat'l Bank,* 558 S.W.2d at 950. As with sales of land, whether an appraisal is near enough in time to the date of divorce to be considered in determining the value of the land in question is left to the discretion of the trial court. *See Austin Nat'l Bank,* 558 S.W.2d at 950. We hold that the trial court did not abuse its discretion in considering an appraisal made one year before the date of divorce.

Appellant's fifth point of error is overruled.

In his sixth point of error, appellant asserts that the trial court erred in placing an improper burden on appellant to prove that the value of the property located at 4440 North Shepherd Street decreased in value between the time the property was appraised and the date of trial.

■ Appellant presents no argument and cites no authority in support of this point of error. Therefore, appellant's sixth point of error is waived. *Essex Crane*

*Rental Corp. v. Striland Constr. Co., Inc.,* 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied); Tex.R.App.P. 74(f).

Appellant's sixth point of error is overruled.

■■■ In his seventh point of error, appellant asserts that the trial court abused its discretion in awarding a judgment against him because he did not have sufficient liquid assets or sufficient means to pay the judgment.

■■■ A trial court should divide a community estate by partitioning the community assets in kind, instead of awarding one party a money judgment. *Hanson v. Hanson,* 672 S.W.2d 274, 278 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd w.o.j.). However, the trial court may award one party a money judgment to balance out the disproportionate award of assets to the other party "when due consideration is given to such matters as the nature and type of particular property involved and the relative conditions, circumstances, capabilities and experience of the parties." *Id.* A trial court may order a party to pay a cash sum to the other party, even when there is no cash in the community estate. *Thomas v. Thomas,* 603 S.W.2d 356, 358 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ dism'd w.o.j.). "A trial court should set the term for payment of the cash judgment for as short a period as possible without imposing a serious hardship on the party responsible to pay the judgment." *Hanson,* 672 S.W.2d at 279.

Appellant asserts that the trial court imposed a severe hardship on him because he does not have any cash or liquid assets to pay the judgment, and because his income is insufficient to pay the judgment or borrow the money to pay the judgment. Appellant contends that he cannot borrow the money to pay the judgment because the trial court placed a lien on his real property. Appellant has failed to show that he cannot borrow the money to pay the judgment. Although the trial court placed a lien on the real property awarded to him, the trial court could have determined that appellant can borrow the money to pay the judgment by using his business assets as collateral. Although appellant contends his income is insufficient to pay the judgment or to make any loan payments he might have to make, the trial court found that appellant was intentionally underemployed and could earn more income. The trial court did not abuse its discretion in ordering appellant to pay a cash judgment to appellee to balance out the award of community assets.

Appellant's seventh point of error is overruled.

■■■ In his eighth point of error, appellant contends that the trial court committed reversible error by considering appellant's good will in determining the value of the Finch Alternator and Starter business.

If good will exists separate and apart from a professional's personal skills, abilities, and reputation and attaches to a trade or business, then the good will is divisible upon divorce. *Rathmell v. Morrison,* 732 S.W.2d 6, 17 (Tex.App.—Houston [14th Dist.] 1987, no writ). Professional good will is not divisible upon divorce. Professional good will attaches to the person of the professional as a result of confidence in the person's skill and ability. *Nail v. Nail,* 486 S.W.2d 761, 763 (Tex.1972). Professional good will is extinguished at the death, retirement, or disablement of the professional. *Id.* at 764.

Appellant asserts that the trial court considered good will in valuing his alternator and starter business. However, we cannot determine from the trial court's findings of fact and conclusions of law or from the record whether the trial court considered good will in valuing the business. Assuming the trial court did consider good will in valuing the business, the good will existed apart from appellant's reputation, skill, and abilities, and attached to the alternator and starter business; therefore, the good will was divisible upon divorce.

Appellant employed some men to work on cars at his shop. Appellant did not perform all of the work on the vehicles brought to his shop. Had appellant retired, died, or been disabled, the good will

would not have been extinguished because persons other than appellant performed some of the work at the shop and fostered the good will toward the customers. The good will of the business did not attach to the person of appellant because others performed some of the work on the vehicles. The good will attached to the alternator and starter business and was divisible upon divorce.

Appellant's eighth point of error is overruled.

■ In his ninth and tenth points of error, appellant asserts that there was no evidence, and in the alternative, insufficient evidence of appellant's current net resources; and, the trial court erred in failing to require the parties to furnish accurate information about appellant's net resources, pursuant to TEX.FAM.CODE ANN. § 14.053 (Vernon Supp.1992). In his eleventh point of error, appellant contends that there is insufficient evidence to support the trial court's finding that the income of appellant was significantly less than what appellant could have earned because he was voluntarily underemployed.

Section 14.053(g) provides that the trial court shall require the parties to furnish sufficient information to enable it to accurately identify the parties' net resources and their abilities to provide child support. The section further provides that the trial court "should request copies of the last two years' tax returns, accompanied by financial statements of the parties, and current wage stubs." TEX.FAM.CODE ANN. § 14.-053(g) (Vernon Supp.1992).

We note that section 14.053 was not the law in effect at the time the trial court entered its child support order. The child support order was entered on July 3, 1989, while section 14.053 went into effect on September 1, 1989. At the time the child support order was entered, section 14.05 dealt with child support orders. Section 14.05 provided that:

> In determining the amount of child support, the court shall consider all appropriate factors, including but not limited to the guidelines adopted by the supreme court, the needs of the child, the ability

of the parents to contribute to the child's support, and any financial resources available for the support of the child.

Act of June 3, 1985, 69th Leg., R.S., ch. 232, §§ 6, 7, 1985 Tex.Gen.Laws 1158, 1160, *amended by* Act of June 14, 1989, 71st Leg., R.S., ch. 368, § 1, 1989 Tex.Gen. Laws 1457.

Rule 3(e) of the child support guidelines adopted by the supreme court provided that if the actual income of the party ordered to pay child support is significantly less than what the person could earn because the person is voluntarily underemployed, a trial court may apply the guidelines to the *earning potential* of the person. Appendix to TEX.FAM.CODE ANN. § 14.05 (Vernon 1986). Rule 5 of the child support guidelines provided that, if the obligor and obligee had one child from their marriage, the obligor must pay the obligee 19–23 percent of the obligor's monthly net resources for child support. Appendix to TEX.FAM.CODE ANN. § 14.05 (Vernon 1986).

In reviewing a no evidence point of error, we must consider only the evidence and inferences which, when viewed in their most favorable light, tend to support a trial court's findings, and disregard all evidence and inferences to the contrary. *Stafford,* 726 S.W.2d at 16. If there is more than a scintilla of evidence to support the findings, the no evidence challenge fails. *Id.*

■ In reaching a decision regarding a factual insufficiency point of error, an appellate court must examine all the evidence; and, after considering and weighing all the evidence, it should set aside the judgment only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that the judgment is clearly wrong and unjust. *Cain,* 709 S.W.2d at 176.

Here, the trial court found that appellant was voluntarily underemployed. Appellant introduced tax returns for his business for the years 1987 and 1988. The tax returns showed that the business income for 1987 was $30,229, and was $543 in 1988. Appellee introduced the parties' 1986 tax return, which showed business income of $31,455.

Appellant claimed the business income dropped because of the construction in front of his business. However, appellant also testified that, because of the construction in front of his business, there were now two paved lanes in front of his shop; whereas, before the construction, there had been an unpaved road in front of his shop.

The trial court could have determined that the business income decreased dramatically because appellant voluntarily declined to work as much as he had in previous years. The trial court did not have to believe appellant's claim that the business income dropped because of the construction occurring in front of the shop. Appellant's own testimony indicates that the business may have been helped by the road construction.

This evidence constitutes more than a scintilla of evidence of appellant's current net resources because the trial court found that appellant was voluntarily underemployed. The evidence listed above is all the evidence the trial court had before it to determine appellant's current net resources. The trial court could have determined from this evidence that appellant would have earned slightly less money in 1989 than he had in 1987 had he not been voluntarily underemployed. Reviewing all the evidence, we hold that the evidence was not so weak that the judgment was clearly wrong and unjust. The trial court had sufficient evidence before it to determine appellant's current net resources.

■■■ Appellant cites no authority that holds that a trial court must require the parties to furnish accurate information about a party's net resources. The parties may or may not furnish this information; it is not error for the trial court to fail to require the parties to furnish the information.

There was sufficient evidence for the trial court to determine that appellant's income was significantly less than what he could have earned because he was voluntarily underemployed. Appellant's explanation for the drop in business income was that the road construction in front of his business kept customers away from his shop. However, appellant testified that the dirt road in front of his shop was paved as a result of the road construction. The trial court could have determined that appellant's business was not harmed, but rather enhanced, by the road construction.

Reviewing all the evidence, we hold that the evidence was not so weak that the trial court's finding that appellant's income was significantly less than what he could have earned because he was voluntarily underemployed.

Appellant's ninth, tenth, and eleventh points of error are overruled.

■■■ In a cross-point of error, appellee contends that this appeal was taken for delay and without sufficient cause, and pursuant to TEX.R.APP.P. 84, appellee should be awarded an additional amount not to exceed 10 percent of the amount of damages awarded below to appellee.

Under rule 84, this Court may award a prevailing appellee an amount not to exceed 10 percent of the damages awarded to the appellee at trial, where an appellant takes an appeal for delay and without sufficient cause.

A court of appeals will not impose a penalty for a frivolous appeal unless the record clearly shows that appellant has no reasonable expectation that the judgment will be reversed, and appellant has not pursued the appeal in good faith. *McGuire v. Post Oak Townhome Owners Ass'n*, 794 S.W.2d 66, 68 (Tex.App.—Houston [1st Dist.] 1990, writ denied). In those cases where an appellant was assessed a frivolous appeal penalty, the appellant did not file a statement of facts with the court of appeals, did not appeal with sufficient arguments or citations of authority, or did not request findings of fact and conclusions of law. *McGuire*, 794 S.W.2d at 68; *Rodriguez v. Rubin*, 731 S.W.2d 141 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

A statement of facts was filed with this Court. Also, appellant appealed with more than sufficient arguments and citations. There is no evidence that this appeal was

taken for delay and without sufficient cause.

Appellee's cross-point is overruled.

The judgment is affirmed.