IN the Matter of the Marriage of Dyer and in the interest of LKD and LPD, CHildren















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-064-CV

IN THE MATTER
OF THE MARRIAGE OF
CHERYL DYER AND WAYLON L. DYER
AND IN THE INTEREST OF
L.K.D. AND L.P.D., CHILDREN

 

From the 52nd District Court
Coryell County, Texas
Trial Court # CD-97-31116
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Waylon L. Dyer appeals from a suit for divorce filed by Cheryl Dyer on October 17, 1997. 
Specifically, Waylon challenges the divorce decree and claims that the court erred in awarding the
marital home to Cheryl because:
(1) The real property did not belong to either party. Instead, it was the homestead of Waylon’s
parents, Jan and Sharon Dyer;
(2) If the property did belong to Cheryl and Waylon, it was a gift from Waylon’s parents and
therefore each spouse owned a one-half undivided separate property interest, which is not subject
to division by the court; or
(3) If the property was community property, the court did not make a just and right equitable
division of the marital property.
We affirm the judgment of the trial court.
FACTS
      Cheryl and Waylon married in 1991. During the marriage, the couple moved onto land
owned by Waylon’s parents, first in a mobile home and then in a house that the couple completed
in April 1997. Waylon, his family, and friends built the house with materials financed by a
construction company owned by Cheryl’s father. The couple lived in the house until October
1997, when they separated and Cheryl filed for divorce. Waylon’s parents were made parties to
the litigation by Cheryl’s First Amended Original Petition, in which she asserted that the couple’s
community estate had expended community funds, time, effort, and talent pursuant to the
representation of Waylon’s parents that the title to the land upon which the house was built would
be transferred to the couple. Cheryl further claimed that Waylon’s parents had failed to fulfill
their promise and had failed to sign a deed conveying the 1.727 acres of land and thirty-foot access
easement.
      The divorce decree was entered in November, 2000. The judgment recites that by surveying
the property and constructing the residence on the property Cheryl and Waylon had expended (1)
in excess of $30,000, which was comprised of Cheryl’s separate funds as well as the couple’s
community funds and (2) in excess of $20,000 in community time, toil, and effort. The judgment
further recites that Jan and Sharon Dyer knowingly accepted the benefits of the improvements that
Cheryl and Waylon made to the property, benefits that they knew belonged to the couple’s
community estate. The court’s judgment orders Waylon’s parents to convey the 1.727 acres and
the thirty-foot access easement to Cheryl. No findings of fact or conclusions of law were
requested. Only Waylon appeals the court’s judgment.
ABUSE OF DISCRETION
      The trial court has wide discretion in dividing the marital estate. Gillespie v. Gillespie, 644
S.W.2d 449, 451 (Tex. 1982); Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Murff v.
Murff, 615 S.W.2d 696, 698 (Tex. 1981). We will reverse the trial court’s decision only if it
appears from the record as a whole that the court abused its discretion. Gillespie, 644 S.W.2d at
451. A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference
to any guiding rules or principles. Worford v. Stamper, 801 S.W.2d at 109.
      When a party does not request findings of fact, we infer that the trial court made all the
necessary findings to support its judgment. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.
1989). An abuse of discretion is shown with respect to factual issues if the trial court could
reasonably have reached only one decision and failed to do so. Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992).
COMMUNITY OR SEPARATE PROPERTY
      Any property in the possession of either spouse during or on dissolution of marriage is
presumed to be community property. Clear and convincing evidence is required to successfully
rebut this presumption. See Tex. Fam. Code Ann. § 3.003.
      It is undisputed that during their marriage the couple made improvements to the 1.727 acres
and took possession of the property with the full knowledge and consent of Waylon’s parents. 
Furthermore, Waylon did nothing during the course of the litigation to rebut the community
presumption. He failed to appear to testify regarding the character of the property. He did not
plead that he had any separate property. He filed no inventory. We find that the trial court could
have reasonably determined that Cheryl and Waylon had acquired an equitable interest in the
property during their marriage and that the community presumption applied to that interest. We
therefore overrule Waylon’s first two issues.
DIVISION OF THE MARITAL ESTATE
       Section 7.001 of the Family Code provides that a divorce decree “shall order a division of
the estate of the parties in a manner that the court deems just and right.” Tex. Fam. Code Ann.
§ 7.001. The “estate of the parties” has been construed to mean only community property. 
Cameron v. Cameron, 641 S.W.2d 210, 214-15 (Tex. 1982). A trial court is not required to
divide marital property equally and in making its division may consider such factors as relative
financial condition, size of the separate estates, and disparity in earning capacities or incomes. 
Murff, 616 S.W.2d at 698-99. The party attacking the property division bears the burden of
showing why it is so unjust and unfair as to constitute abuse of discretion. Finch v. Finch, 825
S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1993, writ denied).
      
      Our review of the record as a whole leads us to conclude that the court did not abuse its
discretion in dividing the marital estate. Having overruled all of Waylon’s issues, we therefore
affirm the trial court’s judgment.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed on October 24, 2001
Do not publish
[CV06]