

# NUMBER 13-16-00180-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GARY WILLMORE,                                                    Appellant,

v.

ZAHIRA ALCOVER,                                                   Appellee.

## On appeal from the 309th District Court
## of Harris County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

Appellant Gary Willmore and appellee Zahira Alcover married in 2008. The parties

divorced seven years later. No children were born of the marriage. Following a bench

trial, the trial judge entered a final decree of divorce that divided the marital estate.[1]  *See*

TEX. FAM. CODE ANN. § 7.001(1) (West, Westlaw through 2017 1st C.S.) (providing that

"the court shall order a division of the estate of the parties in a manner that the court

deems just and right").  Willmore contends in five issues the divorce decree should be

reversed and the case remanded for a new trial.[2]  We affirm.

## I.    WILLMORE'S INVENTORY[3]

By his first issue, Willmore contends that the trial "[j]udge committed harmful error

when [it] refused to allow [him] to put on evidence of the character or value of [marital]

property, or to rebut [Alcover's] evidence."

## A.    Pertinent Facts

On the first day of trial, Willmore filed an inventory and appraisement of the marital

estate, as required under local rule 4.2 of the Harris County Family Trial Division.  *See*

HARRIS COUNTY FAM. TRIAL DIV. LOC. R. 4.2 (providing that divorcing spouses must

exchange an inventory listing each item of property and its value and all other relevant

financial information).  Alcover sought to exclude Willmore's inventory on the basis that

he failed to exchange the inventory at least ten days in advance of trial, as required by

rule 4.2.  *See id.* (providing that the parties must exchange their respective inventories at

least ten days in advance of trial).  Alcover further asserted that Willmore's failure to

provide at least ten days' notice called for not only the exclusion of the inventory itself,

---

[1] This case is before the Court on transfer from the First Court of Appeals in Houston, Texas pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

[2] Alcover has not filed an appellate brief in response to Willmore's appeal.

[3] As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

but also any evidence offered by Willmore to contradict the information contained in the inventory Alcover filed with the court, which had been timely served on Willmore in advance of trial. Willmore responded that he had not been provided adequate notice of Alcover's intention to exclude his inventory under rule 4.2 and that he would have been able to demonstrate compliance with the rule had he been so told prior to the day of trial. However, Willmore did not request that the trial be continued to afford him an opportunity to demonstrate compliance with rule 4.2. After hearing arguments from both sides on the issue, the trial judge expressly declined to rule on Alcover's motion to exclude under rule 4.2. Willmore did not obtain or otherwise urge a ruling from the trial court at that time. The trial judge then began the evidence portion of the trial with Alcover's testimony.

On the second day of trial, the rule 4.2 issue quickly resurfaced when Alcover objected to a question that Willmore posed to her during cross examination concerning improvements to a specific piece of property. After Alcover objected, the following colloquy between the trial court and Willmore's counsel occurred:

| Trial judge: | [Wife's] objection is sustained. Next question. |
| Willmore: | I don't even remember what the question was, Judge. |
| Trial judge: | Well, I sustained it, so ask the next question. |
| Willmore: | I don't know what the next one is. |
| Willmore: | Oh, with regard to . . . [new question posed to wife] |

Willmore made no attempt to obtain a ruling on Alcover's motion to exclude, which had been filed the previous day. Furthermore, Willmore did not attempt to make a record of what he believed Alcover would have said had the trial judge not sustained Alcover's objection to his question concerning improvements to the piece of property.

3

**B.    Preservation**

Willmore argues that the trial court erred in excluding information contained in his inventory under rule 4.2 because he was not afforded adequate notice of Alcover's motion to exclude in advance of trial.  To support this argument, Willmore points to the portions of the record recited above.

The burden is on the complaining party (Willmore) to present a sufficient record to the appellate court to show error requiring reversal.  *See* TEX. R. APP. P. 33.1(a).  A party must take the following steps in order to preserve error stemming from the exclusion of evidence:

1. attempt during the evidentiary portion of the trial to introduce the evidence;

2. if an objection is lodged, specify the purpose for which [the evidence] is offered and give the trial court reasons why the evidence is admissible;

3. obtain a ruling from the court; and

4. if the court rules the evidence inadmissible, make a record, through a bill of exceptions, of the precise evidence the party desires admitted.

*Ulogo v. Villanueva*, 177 S.W.3d 496, 502 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Here, Willmore fails to present this Court with a sufficient trial record demonstrating compliance with the steps set out above.  *See id*.  Willmore made no attempt to obtain a definitive ruling on Alcover's motion to exclude.  Furthermore, we have no record of the precise evidence Willmore sought to admit or what Alcover's response to Willmore's question would have been.  *See Ulogo*, 177 S.W.3d at 502; *see also Greensteln, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 181 (Tex. App.—Waco 1987, writ denied) (concluding that error was not preserved because reporter's record did not show what

4

evidence was refused).  We therefore conclude that Willmore failed to preserve his first issue for appellate review.   *See* Tex. R. App. P. 33.1.

## II.    REIMBURSEMENT CLAIM

By his third issue, Willmore contends that "[i]t was harmful error for the [j]udge to refuse to allow [him] to put on evidence of his reimbursement claim[.]"  However, as with his first issue, Willmore has failed to provide us with a sufficient trial record demonstrating compliance with the steps listed above.  *See Ulogo*, 177 S.W.3d at 502.  Specifically, we have no record of the precise evidence Willmore sought to admit or what evidence was refused in regard to his reimbursement claim.  *See id.*  At trial, Willmore referenced a "CD" in regard to his reimbursement claim, but he failed to make an offer of proof or otherwise include this evidence in the appellate record.  We conclude that Willmore failed to preserve his third issue for appellate review.  *See* Tex. R. App. P. 33.1.

## III.    DIVISION OF MARITAL ESTATE

Paragraph 7.7 of the divorce decree ordered Willmore to pay Alcover $275,000 as a means of equalizing the division of the marital estate.  According to the decree, this equalizing payment was ordered "for the purpose of a just and right division of property." By his fourth issue, Willmore contends there is insufficient evidence to justify this payment.

A trial judge must divide the estate of divorcing spouses in a manner that is just and right, having due regard for the rights of each party.  *See* Tex. Fam. Code Ann. § 7.001.  Although the division must be equitable, the trial judge need not divide the marital estate equally.  *Richardson v. Richardson*, 424 S.W.3d 691, 696 (Tex. App.—El Paso 2014, no pet.).  The trial judge is afforded broad discretion in its division of marital property

upon divorce. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981). We address two questions in determining whether the trial court abused its discretion: "(1) did the trial court have sufficient information upon which to exercise discretion, and (2) did the trial court abuse its discretion by making a property division that was manifestly unjust or unfair?" *Richardson*, 424 S.W.3d at 696.

Willmore concedes that the trial judge divided the marital estate "about evenly," based on the inventory Alcover filed with the judge. Nevertheless, Willmore asserts that the trial judge lacked sufficient information upon which to order the equalizing payment when the judge allegedly excluded evidence to which his first and third issues relate. However, as noted above, we have no record of the precise evidence Willmore sought to admit. Furthermore, even if Willmore had furnished a record of the allegedly excluded evidence, our review would be limited to the evidence *admitted* at trial. *See id.* Willmore does not discuss the evidence that could have supported the equalizing payment. Instead, without analysis or citation to the record, Willmore simply declares that the evidence "just isn't enough" to support a finding that the equalizing payment was necessary to accomplish a just and right division of the marital estate. We conclude that Willmore has not met his appellate burden to establish that the equalizing payment lacked sufficient evidence. We overrule Willmore's fourth issue.

## IV. FRAUD ON THE MARITAL ESTATE

By his fifth issue, Willmore contends that Alcover committed fraud on the marital estate by allegedly depositing all paychecks from her teaching job into a separate account for the entire duration of their seven-year marriage without his knowledge. Willmore

6

therefore asserts that the trial court erred in rejecting his claim for fraud on the marital estate.

Because Willmore pleaded fraud, he had the burden to prove it at trial. *See Brooks v. Parr*, 507 S.W.2d 818, 819 (Tex. Civ. App.—Amarillo 1974, no writ). To obtain relief on appeal, Willmore must now show that the evidence conclusively established his fraud claim as a matter of law. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (observing that when a party challenges an adverse finding on an issue on which he had the burden of proof at trial, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue).

To establish fraud, Willmore had the burden to prove the following elements at trial: "(1) [Alcover] failed to disclose [the separate account] to [him], (2) [Alcover] had a duty to disclose [the separate account], (3) the [separate account was] material, (4) [Alcover] knew [that Willmore] was ignorant of [the separate account] and [Willmore] did not have an equal opportunity to discover [the existence of the separate account], (5) [Alcover] was deliberately silent when [she] had a duty to speak, (6) by failing to disclose [the separate account], [Alcover] intended to induce [Willmore] to take some action or refrain from acting, (7) [Willmore] relied on [Alcover's] nondisclosure, and (8) [Willmore] was injured as a result of acting without that knowledge." *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied).

The argument section of Willmore's appellate brief consists of one paragraph on this issue. Without addressing any particular fraud element listed above, Willmore attempts to conclusively establish fraud by pointing not to what the evidence showed, but instead to what the evidence allegedly did not show. Specifically, Willmore argues there

7

is *no evidence* that he knew Alcover had been depositing paychecks into a separate account for seven years. However, by framing the argument in this way, Willmore shifts the burden onto Alcover to *disprove* fraud when it is his burden on appeal to show that the evidence conclusively *proved* fraud. We reject Willmore's attempt to invert and shift to Alcover the burden he shouldered at trial and on appeal. Furthermore, Willmore provides no citation to the record indicating that Alcover had been depositing paychecks from her teaching job into a separate account for seven years without his knowledge. We conclude that Willmore has not met his burden on appeal to show that the record conclusively establishes each element of his fraud claim. We overrule Willmore's fifth issue.

## V.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

By his second issue, Willmore contends that the trial court erred in failing to enter written findings of fact and conclusions of law after Willmore made a timely request for such findings following the bench trial.

### A.    Applicable Law

In a case tried to the bench, "any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296. Upon timely request, the court is required to make findings on the controlling or ultimate issue in the case. *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ). The court is not required to make findings on an evidentiary matter. *Id.* "An ultimate fact issue is one that is essential to the right of action. . . . Such an issue seeks a fact that would have a direct effect upon the judgment. . . . In contrast, an evidentiary issue is one that the

8

[fact finder] may consider in deciding the controlling issue, but that is not a controlling issue itself." *Id.*

The failure to enter findings on an ultimate issue constitutes error subject to a harm analysis. *See In re Marriage of Edwards*, 79 S.W.3d 88, 95 (Tex. App.—Texarkana 2002, no pet.). If harm is shown, the appropriate remedy in most cases is to abate the case for the trial judge to enter findings. *See Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 616 (Tex. App.—Dallas 2003, pet. denied) (observing that abatement is the preferred procedure to remedy the harm resulting from a lack of findings). In determining harm, an appellate court asks whether the lack of findings prevents the appealing party from properly presenting the issues presented for review on appeal. *See In re Marriage of Edwards*, 79 S.W.3d at 95.

## B.    Analysis

Although Willmore timely requested written findings from the trial judge,[4] none were entered. This was error. *See id.* Consequently, we now must determine whether Willmore was harmed by assessing the extent, if any, to which the absence of findings prevented him from properly presenting his issues on appeal. *See id.*

Willmore's first and third issues complained about evidence the trial court allegedly excluded. However, it was not the lack of findings that prevented Willmore from presenting those issues on appeal; instead, as noted above, it was Willmore's failure to provide a record of the allegedly excluded evidence that prevented review. *See Ulogo,* 177 S.W.3d at 502; *see also In re Marriage of Edwards*, 79 S.W.3d at 95. Furthermore, Willmore's first and third issues complained of evidentiary matters relating to the exclusion

---

[4] Willmore filed a notice of past due findings. *See* TEX. R. CIV. P. 297.

9

of evidence, not ultimate issues. *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 515 (Tex. App.—San Antonio 2001, pet. denied). Therefore, findings responsive to those issues would not have been required. *See id.*

Willmore's fourth issue complained about the value of the equalizing payment that the trial judge ordered in paragraph 7.7 of the divorce decree. However, as noted above, Willmore's main argument was that the trial judge lacked sufficient information to properly value the marital estate because the judge excluded evidence made the subject of his first and third issues. In this sense, Willmore's fourth issue reformulates his first and third, which relate not to ultimate issues but instead to evidentiary matters for which findings would not have been required. *See Finch*, 825 S.W.2d at 221. Furthermore, "[t]he ultimate issue in this case [was] whether the trial court made a just and right division of the [marital] estate." *Id.* The value the trial court placed on the equalizing payment was not essential to Willmore's right of action. See *id.* Instead, the value of the equalizing payment was an evidentiary issue that the trial court considered in deciding what was a just and right division of the community estate. *See id.* (concluding that the trial judge was not required to make findings on the values of properties comprising the marital estate because that valuation is an evidentiary issue the judge considers in deciding the ultimate issue of what is a just and right division). Therefore, findings responsive to Willmore's fourth issue would be evidentiary in nature and not required.

Finally, Willmore's fifth issue complained about the sufficiency of the evidence to prove a claim (fraud) on which he had the burden of proof at trial. However, a lack of written findings as to that issue is harmless when, as here, the record reflects that the appealing party simply failed to prove a claim on which he had the burden of proof at trial.

10

*See Lee v. Thornton*, 658 S.W.2d 234, 236 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) (concluding that the absence of findings was harmless where the record showed that the appealing party simply failed to meet her burden of proving the claim at trial).

We conclude that any error in failing to enter written findings did not prevent Willmore from properly presenting his issues on appeal. Accordingly, the error is harmless, and we overrule his second issue. [5]

## VI. CONCLUSION

We affirm the trial court's judgment.

**s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
22nd day of March, 2018.

---

[5] We note that, had we found the error to be harmful, Willmore requested a new trial, rather than an abatement to remedy the error with findings. Willmore argued that we must order a new trial (rather than abate) because the judge who presided over the case allegedly recused herself after the bench trial. However, nothing in the appellate record provided to us indicates that the judge in fact recused herself. Furthermore, even if the judge had in fact recused herself, Willmore provides no authority that a successor judge on abatement would be disqualified from entering the requested findings based on the record. In short, even if we were to conclude that the error was harmful, Willmore failed to demonstrate that the remedy he specifically requested—i.e., a new trial—was the appropriate one under the circumstances. Willmore did not request that the case be abated for findings.

11